United States of America v. Tabb

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of February, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.
             JESSE M. FURMAN,[1]
                     *District Judge*.

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

          v.                                                    19-333

ZIMMIAN TABB, AKA Sealed Defendant # 2,[2]

                         *Defendant-Appellant*.

_____

Appearing for Appellant:     Justine A. Harris (Yu Han, *on the brief*), Sher Tremonte LLP, New York, N.Y.

Appearing for Appellee:      Rebekah Donaleski, Assistant United States Attorney (David Denton, Daniel B. Tehrani, Assistant United States Attorneys, *on*

---

[1] Judge Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

the brief), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Zimmian Tabb appeals from the February 4, 2019 judgment of conviction of the United States District Court for the Southern District of New York (Hellerstein, *J.*) for Tabb's violation of the terms of his supervised release, following the district court's finding after a two-day hearing that Tabb committed the federal crime of arson, in violation of 18 U.S.C. § 844(i). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review evidentiary rulings by the district court for abuse of discretion," *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019), including the district court's balancing of factors under Fed. R. Crim. P. 32.1 to admit hearsay statements into a violation of supervised release hearing. *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006). "Abuse of discretion encompasses clearly erroneous findings of fact and misapplications of the law." *Id.*

In violations of supervised release proceedings, Fed. R. Crim. P. 32.1(b)(1)(B)(iii) requires district courts to determine whether good cause exists to deny the defendant the opportunity to confront an adverse witness when the government seeks to introduce hearsay statements. *Williams*, 443 F.3d at 45. "In making that determination, the court must balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Id.* On appeal, Tabb contends that the district court erred in admitting and relying on the hearsay statements of one of the victims of the arson, Victim-1.

We conclude that the district court did not abuse its discretion in admitting and crediting Victim-1's hearsay statements. Over the course of the proceedings, and prior to making its final determination, the district court conducted the balancing required under Rule 32.1. The record is clear that the district court considered Tabb's interest in cross-examining Victim-1—noting at one point that if testimony was "important, it shouldn't be" presented through hearsay, J.A. 37— and that Victim-1 had a well-founded fear of retribution established by the testimony of police detectives and proffers from the prosecution. The district court also considered the reliability of each of Victim-1's statements and ultimately credited only some of them, including sworn statements about the threats made by Tabb that were corroborated by text message and surveillance video evidence. The district court expressly declined to rely on other statements challenged on appeal, including those in which Victim-1 characterized what was shown by the surveillance videos. The district court therefore did not abuse its discretion in admitting and crediting some of Victim-1's statements under Fed. R. Crim. P. 32.1.

We also conclude that the district court did not clearly err in finding, by a preponderance of the evidence, that Tabb committed the federal crime of arson in violation of the terms of his supervised release. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006) ("[W]e review a district court's finding of a violation of supervised release only for an abuse of discretion and its factual findings for clear error."). Tabb has not shown any clear error in the district court's finding that the individuals captured on surveillance video leaving the white BMW associated with Tabb were the same individuals captured on other surveillance video lighting the fire. Tabb also contends that the district court erred in relying on text messages between Tabb and Victim-1 and in accepting the government's proffer that one of the apartments in Victim-1's home was Section 8 housing, but Tabb raised neither of these challenges before the district court. Tabb therefore provides no basis to conclude the district court abused its discretion in finding that a preponderance of the evidence established that Tabb committed the federal crime of arson. Indeed, this conclusion was supported by ample evidence, including surveillance video, license plate reader data, statements by Victim-1, testimony by police officers, and text messages showing that Tabb threatened Victim-1.

Lastly, we conclude that the district court properly denied Tabb's motion to dismiss the specifications of the violations of the terms of his supervised release. This Court reviews de novo the district court's denial of a motion to dismiss on due process grounds. *See United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000). A delay between the violation of supervised release and the execution of a violation warrant may violate due process "if the delay does in fact prejudice the defendant by substantially limiting the ability to defend against the charge that the conditions of supervised release were violated." *United States v. Ramos*, 401 F.3d 111, 116 (2d Cir. 2005). Tabb has not satisfied this standard. As the district court explained in its August 7, 2018 opinion, any testimony that could have been obtained from Victim-1's father, Victim-3, would not have substantially assisted Tabb's defense, and the possibility of finding alibi witnesses, additional video footage, or other evidence that would support the defense was speculative. Tabb also has failed to demonstrate how further inspection of the fire debris recovered at the scene would have substantially assisted in his defense. Accordingly, the district court properly denied the motion to dismiss.

We have considered the remainder of Tabb's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3